# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In Re: )<br>)<br>HENDERSON, LISA RICHARDSON )<br>xxx-xx-4727 )<br>PO BOX 1044 )<br>BISCOE NC 27209 )<br>)<br>         Debtor )  | No: 17-11389   C-13G |

## RESPONSE

NOW COMES, Anita Jo Kinlaw Troxler, Trustee in the above-referenced plan and responds to the document filed by the Debtor on January 2, 2019, ECF No. 30, (the "Document") as follows:

1. The Debtor's Chapter 13 case was filed by counsel on December 8, 2017, and the Debtor's proposed plan was confirmed on April 20, 2018.

2. In response to the allegations set forth in paragraphs 3 and 4 of the Document, it is the practice of the Chapter 13 Office, in conforming with 11 U.S.C. §1302(b)(4), to provide debtors an opportunity to speak telephonically with staff to discuss the administration of their case at regularly designated times of each week (hereinafter "call hours"). It is not disputed that the Debtor spoke to Ms. Rogers, during call hours on December 20, 2018. Upon information and belief, the Debtor called to find out the status of her attorney's inquiry as to what her plan payment would need to be January 2019 and thereafter, if the Debtor paid a lump sum payment of $10,000.00 into her Chapter 13 plan. Ms. Rogers informed the Debtor that the office had no record of such an inquiry by Mr. Blalock, and provided the Debtor with the procedure needed to obtain the payment information. It is the understanding of the Trustee that Ms. Rogers does not recall any discussion with the Debtor about the payment of her attorney's fee and denies any statement made to the Debtor that "Mr. Blalock met his responsibility to me when he filed the paperwork and that he is no longer required to assist in my case." Staff assigned to call hours answer general and case specific questions and are not authorized to provide legal advice or make statements with respect to assistance of their counsel.

3. In response to the allegations set forth in paragraph 6 of the Document, the Trustee takes no personal position in regard to the status of any Chapter 13 case or Debtor in executing and discharging the duties of the standing trustee. The $10,000.00 lump sum payment was received December 21, 2018, by the Chapter 13 Office. Due to the holidays, staff authorized to process such a pre-payment were not available to negotiate the deposit of the check at that time. At the earliest possible convenience, the check was posted to the case and deposited December 28, 2018. As is the procedure of the Chapter 13 Office, the posted date reflected on the case record is the date the funds were received, which was December 21, 2018.

4. In response to the allegations set forth in paragraph 7, with respect to compensation of the Trustee, the confirmed plan authorizes the Trustee to receive from all disbursements such amount as provided by the Court for payment of fees and expenses. By order dated February 5, 2015, the Trustee is "allowed income equal to an amount ranging from 5.2632% to 7.5269% of all disbursements excluding disbursements to the Trustee, in accordance with 11 U.S.C. §1326". Disbursements of the fee to the trustee are to be made "[b]efore or at the time of each payment to creditors under the plan, the percentage fee fixed for such standing trustee". 11 U.S.C. §1326(b)(2). It is the position of the Trustee that disbursements made from the case to the Trustee were authorized and made properly pursuant to the confirmed plan, §1326(b)(2) and by order of the court dated February 5, 2015.

5. In response to the allegations set forth in paragraph 7, with respect to disbursement of the attorney fee, under 11 U.S.C. §330(a)(4)(B), reasonable compensation is allowed for debtor's counsel for representing the interests of the debtor in connection with the bankruptcy case. Compensation and reimbursement awarded under §330(a) qualify as administrative expenses under 11 U.S.C. §503(b) (2), and as such are priority expenses under 11 U.S.C. §507(a) (2). In this case, Mr. Blalock filed an application for the Court approved base fee of $4500.00, reflecting a $4200.00 balance to be paid through the disbursements of the Trustee, and on April 20, 2018, the plan was confirmed allowing the requested fee to be paid monthly by the Trustee as funds are available. On April 30, 2018, the attorney fee balance of $4200.00 was paid to Mr. Blalock from funds available. It is the position of the Trustee that disbursements made from the case to Mr. Blalock were authorized and made properly pursuant the Bankruptcy Code and the confirmed plan.

6. The Trustee is without information and knowledge as to the allegation set forth in paragraph 7 with respect to the Debtor's communication with Mr. Blalock.

7. In response to the allegations set forth in paragraph 7, with respect to whether payments are being processed properly and promptly, and whether payments not being disbursed until April 2018 caused interest fees and late payment charges, the Trustee asserts that disbursements have been made pursuant to the confirmed plan and pursuant to 11 U.S.C. §1326(a)(2), which directs that plan payments "shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable." In this case, the plan was confirmed April 20, 2018, and disbursements began forthwith by the Trustee as is required per §1326(a)(2) and the confirmed plan with disbursements beginning at the end of April 2018.

8. In response to the allegation set forth in paragraph 8, with respect to the basis for the increase in the plan payment from $1875.00 per month to $2550.00 per month effective January 2019, the plan payment schedule was established in the order confirming the plan in order to deal with plan debt and meet minimum plan requirements. The "stepped up" plan payment in January 2019 was proposed by the Debtor in order to prevent an increase in the plan payment at confirmation as the Trustee is informed and believes that the Debtor was anticipating a

post-confirmation increase in income that would enable the Debtor to afford the plan payment. The plan payment schedule is calculated based on the minimum amount needed to deal with plan debt and meet minimum plan requirements and is not based on disposable income considerations.

9. The Trustee respectfully submits that the administration of the Debtor's case has been in compliance with Debtor's confirmed plan, the Orders of this Court and the United States Bankruptcy Code.

Respectfully submitted, this 23rd day of January 2019.

                                              s/Anita Jo Kinlaw Troxler
                                              Anita Jo Kinlaw Troxler
                                              Standing Trustee

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

In Re:                                             )
                                                   )
HENDERSON, LISA RICHARDSON                         )
xxx-xx-4727                                        )   No:  17-11389   C-13G
PO BOX 1044                                        )
BISCOE NC 27209                                    )
                                                   )
        Debtor                                   )

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on the below date, the undersigned served a copy of the <u>RESPONSE</u> by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

LISA RICHARDSON HENDERSON
PO BOX 1044
BISCOE NC 27209

TOMMY S BLALOCK III ESQ
620 GREEN VALLEY RD STE 209
GREENSBORO NC 27408

WILLIAM P MILLER
BANKRUPTCY ADMINISTRATOR
101 SOUTH EDGEWORTH STREET
GREENSBORO, NC 27401


Date:  January 23, 2019                    s/Anita Jo Kinlaw Troxler
                                                            Anita Jo Kinlaw Troxler
                                                            Standing Trustee