UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISON

In Re:

Henderson, Lisa Richardson  XXX-XX-4727   )
8753 Hayshed Lane                         )
Columbia, MD 21045-2864                   )   Case No. 17-11389 C-13G
                                          )
       Debtor                             )

## DEBTOR'S WITHDRAWAL OF MOTION FOR OBJECTION TO CLAIM FOR US BANK TRUST NATIONAL ASSOCIATION'S NOTICE OF MORTGAGE PAYMENT CHANGE AND REQUEST TO HOLD HEARING VIRTUALLY

**NOW**, comes Lisa R. Henderson, Debtor, Withdrawal of Consent to Debtor's Motion For Objection To Claim For the US Bank Trust National Association's Notice of Mortgage Payment Change due to wording of the proposed draft Consent Order. Debtor cannot give consent based on issues previously raised regarding the legitimacy of the 2005 (original) loan document.

Thus, it would be detrimental to Debtor to endorse/sign a Consent Order with these outstanding issues. EXHIBIT A. Debtor mailed ($30.36) for January, February March and April's increased fee $121.44 included the $2,730.00 Chapter 13's monthly fee totaling **$2,851.44**.

Debtor request the Court allow her appearance for the Hearing scheduled April 4, 2023 or April 21, 2023, at 2:00 PM be held by video conference. Debtor resides in Maryland and unable to travel to North Carolina due to illness of her spouse and new employment.

Respectfully submitted,

*/s/ Lisa R. Henderson*

Lisa Richardson Henderson
(443) 820-6573 Mobile
8753 Hayshed Lane, Columbia, MD 21045-2864

## CERTIFICATE OF SERVICE

I, Lisa-Richardson: Henderson. affirm that the **DEBTOR'S WITHDRAWAL OF MOTION FOR OBJECTION TO CLAIM FOR US BANK TRUST NATIONAL ASSOCIATION'S NOTICE OF MORTGAGE PAYMENT CHANGE AND REQUEST TO HOLD HEARING VIRTUALLY,** was mailed via First-Class/Return Receipt this 25th day of March 25, 2023, to Plaintiff's attorney on record John W Fletcher III, Esq., Fletcher, Tydings, Williams-Tracy & Gott, PLLC, 831 East Morehead Street, Suite 255, Charlotte, NC 28202.

*(signature)*

Lisa R. Henderson
(443) 820-6573 Mobile
8753 Hayshed Lane, Columbia, MD 21045-2864

cc:   William P Miller
       Bankruptcy Administrator
       101 S. Edgeworth Street
       Greensboro, NC 27401

       Anita Jo Kinlaw Troxler
       Trustee
       Chapter 13 Office
       P.O. Box 1720
       Greensboro, NC 27402-1720

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:

**LISA HENDERSON**

CASE NO. **17-11389**

Chapter 13

Debtor

### CONSENT ORDER

This matter came before the Court on March 7, 2023, upon the Debtor's Motion for Objections to Claim for US Bank Trust National Association Notice of Mortgage Change, filed by U.S Bank Trust National Association, as Trustee of the Bungalow Series IV Trust, serviced by SN Servicing Corporation ("Lender") bearing claim number 2 filed January 10, 2023 ("the Payment Change Claim"). At the Debtor's request, the Court has heard the matter in accordance with its Zoom hearing procedures, and appearing were the Debtor, Lisa Henderson, John W. Fletcher III, counsel for the Lender, and the Chapter 13 Trustee; and the Court having been informed by all parties that the matters in controversy have been resolved by agreement, finds and concludes as follows:

1. Lender is the holder of a Note and Deed of Trust executed by the Debtor on September 13, 2005. Lender has a secured lien pursuant to the Deed of Trust against the Debtor's real property located at 8753 Hayshed Lane, Columbia, Maryland 21045 (the "Property).

2. In her Chapter 13 case, the Debtor's monthly mortgage payments in additional to escrow payments for taxes and a yearly special assessment from the city of Columbia, Maryland (the special assessment") are being disbursed to the Lender by the Trustee.[1] The Debtor requests that the Court deny the proposed increase of her monthly escrow from $295.73 to $326.09, and requests further relief in the form of a refund of a "leftover balance".

3. In her objection to the Payment Change Claim, the Debtor raises issue(s) related to "fees" in the amount of $4,807.34 that she states are being charged her by the Lender, and recites to the Court an unrelated dispute with SN Servicing over the release of proceeds arising from an insurance claim connected to a fire at the Property.

4. Counsel for the Lender represented to the Court that the Debtor had not been charged any post-petition fees, and that the increase in the mortgage payment was due solely to an increase in the sum(s) required to fund the two remaining escrow items (property taxes and the special assessment). The Court advised the Debtor that the insurance proceeds matter was outside the scope of her objection and the hearing.

5. The Lender and the Debtor reported to the Court that they had agreed that the Debtor's loan will be 'de-escrowed', so as to provide that the Debtor would pay directly those escrow items (property taxes, property insurance, and the special assessment) as are required by her mortgage.

5. The Deed of Trust provides, in relevant part, that the Debtor is required to pay to the Lender, along with principal and interest, sufficient funds to allow for the payment of taxes, assessments, insurance, flood insurance (as applicable) and other items (the "Escrow Items"). The Deed of Trust further provides that the Lender may waive the Debtor's obligation to pay the Lender the funds for the Escrow Items, but any such waiver must be in writing.

6. This Consent Order shall constitute the Lender's written waiver of Debtor's obligation under the Deed of Trust to pay Lender directly for the Escrow Items.

---

[1] The Debtor pays for the property insurance on the Property directly and the Trustee makes no monthly disbursement for this escrow item.

EXHIBIT A

7. In consideration for the Lender's written waiver concerning escrows, as provided in this Order, the Debtor has agreed that, if she fails to fully maintain the Escrow Items, the Lender shall, upon notice of such failure, be entitled to relief from the automatic stay provisions of 11 U.S.C. § 362, *et seq*.

8. As a result of the "de-escrow" of the Debtor's mortgage loan with Lender, the Debtor is entitled to a refund of the positive balance in her escrow account at the time of the hearing on this matter, in addition to those amounts which have disbursed by the Trustee, which, taken together total $1,227.30 (the "Escrow Refund"). The Escrow Refund shall be mailed to the Debtor at the address listed on her petition upon the entry of this Consent Order.

9. Effective April 1, 2023, the monthly payment to be disbursed by the Trustee to the Lender is $888.59.

10. The Debtor's mortgage is current through March 2023.

THEREFORE, it is ORDERED, ADJUDGED, AND DECREED that:

1. The Debtor's mortgage loan with Lender shall be "de-escrowed", and accordingly, the Debtor shall pay directly for all Escrow Items, including but not limited to property taxes, special assessments, property insurance, flood insurance (as applicable), and that such property and flood insurance (if applicable) shall be adequate and acceptable to the Lender.

2. Upon request, the Debtor shall provide Lender with proof of payment of the Escrow Items and copies of all applicable insurance policy declarations.

3. Upon the entry of this Order, the Lender shall issue a refund direct to the Debtor in the amount of $1,227.30, representing a refund of Escrow payments collected to date.

4. Effective April 1, 2023, Lender's monthly conduit payment shall continue to be paid through the Chapter 13 Plan in the amount of $888.59. This amount consists only of principal and interest.

5. In the event the Debtor fails to promptly pay for any of the Escrow Items, and upon fifteen (15) days' notice of such failure, Lender shall be granted relief from the automatic stay provisions of 11 U.S.C. § 362 with respect to the Property, and without further Order of this Court. This conditional relief from the automatic stay shall remain in effect for the life of the Debtor's Chapter 13 Plan.

6. In the event Lender is granted relief from stay under the provisions herein, Lender shall give written notice to the Debtor, Debtor's non-filing spouse, Debtor's attorney and the Trustee of such relief, and Lender shall have a period of 180 days from the date of such written notice to file a deficiency claim, if any. Upon such relief, any communications or notices required by state law, sent by Lender in connection with proceedings against the Property may be sent directly to the Debtor.

7. This Order shall be effective on the date entered and the stay of the Order pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived.

TO THE FOREGOING WE CONSENT:

*/s/ John W. Fletcher III*, Attorney for Creditor
NC State Bar: 15503
Fletcher, Tydings, Williams-Tracy & Gott, PLLC
831 East Morehead Street, Suite 255
Charlotte, NC 28202
(704) 401-0003
*jfletcher@fletchertydings.com*

*Lisa Richardson Henderson, Debtor*
8753 Hayshed Lane
Columbia, MD 21045-2864
*lhenders@gmail.com*

NO OBJECTION:

/s/ Anita Jo Kinlaw Troxler, Chapter 13 Trustee
500 West Friendly Avenue
Greensboro, NC 27402-1720
(336) 378-9164

END OF DOCUMENT